IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL GUADALUPE SANCHEZ, JR.,

        Plaintiff,                      No. CIV S-10-2029 CKD P

    vs.

T. VIRGA, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to all proceedings in this matter being held before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening.

There are two main problems with plaintiff's operative amended complaint filed August 17, 2010. First, it is too long; 83 pages handwritten in small print. This violates the requirement in Rule 8 of the Federal Rules of Civil Procedure that pleadings, generally speaking, be "short and plain." Second, some of plaintiff's claims are not actionable. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

In light of the forgoing, plaintiff's amended complaint will be dismissed. Plaintiff will be granted leave to file a second amended complaint. If plaintiff chooses to amend, he must adhere to the following requirements:

1. The second amended complaint shall not exceed 30 pages.

2. Plaintiff need not include sections I, II or IV from his amended complaint.

3. Plaintiff need only provide enough information about each defendant as is necessary to understand plaintiff's claims and plaintiff should not be repetitive with respect to information about defendants. Generally speaking, plaintiff should omit section III in his amended complaint.

4. Plaintiff shall not include any allegations regarding "John Doe" defendants or any references to "John Doe" defendants.

5. Plaintiff, in general, must avoid being repetitive and providing information not relevant to any of his claims. Most of the information provided in plaintiff's amended complaint is not relevant to any actionable claim.

6. Plantiff must avoid making conclusory allegations, that is, allegations which are not supported by facts.

7. Plaintiff should not have a separate section for facts. Any fact supporting any legal claim should be asserted one time under a heading for the claim.

8. Plaintiff alleges he has been placed in segregated housing indefinitely based upon a finding that he is an associate of a prison gang. The Due Process Clause of the Fourteenth Amendment mandates that plaintiff receive certain process before being given such a housing assignment; plaintiff has to receive notice of the factual basis for consideration of placement in segregated housing, a fair opportunity for rebuttal, and a short statement of reasons for placement in segregated housing. See Wilkinson v. Austin, 545 U.S. 209, 223-26 (2005). See Hayward v. Marshall, 603 F.3d 546, 561 (9th Cir. 2010) (en banc) (transfer of prisoner to segregated housing requires only non-adversarial protections in order to comply with the Due Process Clause of the Fourteenth Amendment and those protections do not include that the decision to transfer be supported by "some evidence" as is required with respect to a decision to revoke good conduct sentence credit). To the extent plaintiff asserts his being assigned indefinitely to segregated housing violates his right to due process under the Fourteenth Amendment, his claims must arise from denial of one of the due process protections described above. In his second amended complaint, plaintiff should refrain from making allegations of fact not directly related to a denial of these protections.

9. Plaintiff shall not include any claims in his second amended complaint in which plaintiff alleges that his validation as a gang member violates his First Amendment rights.

10. Plaintiff should not include allegations regarding defendants' violation of California Department of Corrections and Rehabilitation (CDCR) rules or policies except if those allegations in some way support a claim for denial of a federal right or a claim arising under state law which has been presented to the California Board of Control. See 16. Generally speaking, plaintiff does not have a federal right to have CDCR employees follow CDCR regulations unless

1 failure to follow the regulation in question imposes atypical and significant hardship in relation to the ordinary incidents of prison life.  See Sandin v. Connor, 515 U.S. 472, 484 (1995).

11. Plaintiff shall not include any federal claims concerning the adequacy of his prison's grievance procedure as plaintiff has no federal right to a grievance procedure. See Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

12. Plaintiff may include claims arising under the Eighth Amendment concerning conditions of confinement.  But, such claims must, generally speaking, be limited to situations where plaintiff was exposed to a "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1991).

13. Plaintiff may include claims arising under the Eighth Amendment concerning inadequate medical care.  But, such claims must, generally speaking, be limited to situations where a defendant was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

14. Plaintiff may not present any claims which, generally speaking, imply the invalidity of the length of his sentence.  See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).

15. Plaintiff's third, fourth, fifth and seventh "causes of action" fail to state claims upon which relief can be granted.  Plaintiff shall not include the claims identified therein in his second amended complaint.

16. Plaintiff shall not assert any claims arising under state law unless he has complied with California's Tort Claims Act with respect to such claims and specifically alleges as much in his second amended complaint.  See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

17. Plaintiff asserts he has been retaliated against for exercising First Amendment rights.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a

4

finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff must also allege that the retaliation resulted in more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 568 n. 11 (9th Cir. 2005).

18. More generally, in plaintiff's second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19. Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in dismissal.

Dated: March 16, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sanc2029.14