UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GUADALUPE SANCHEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> T. VIRGA, et al., <br><br> Defendants. | No. 2:10-cv-2029 JAM CKD P <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 28, 2014, the court screened plaintiff's fourth amended complaint (ECF No. 35) pursuant to 28 U.S.C. § 1915A(a). The court found service of process appropriate for defendant Parker (defendant) with respect to plaintiff's claim that defendant violated plaintiff's right to due process arising under the Fourteenth Amendment by denying plaintiff a fair opportunity to rebut charges that plaintiff was a member of a prison gang and therefore eligible for indefinite placement in the "Security Housing Unit" (SHU) which essentially amounts to solitary confinement.[1]  ECF No. 37.  Defendant waived service of process

---

[1] In the SHU, inmates usually remain alone in their cells for at least 21 hours every day. Inmates are also denied certain privileges like telephone calls and contact visits. SHU inmates are not permitted to participate in vocational, recreational or educational programming.

1

on March 17, 2015 (ECF No. 50) and filed a motion to dismiss on April 1, 2015 (ECF No. 51). Defendant argues that plaintiff's claim is barred by the doctrine of res judicata (claim preclusion) and / or collateral estoppel (issue preclusion).  Because it is clear under Ninth Circuit precedent that plaintiff's remaining claim is barred under the collateral estoppel doctrine, the court will recommend that defendant's motion to dismiss be granted.

In his fourth amended complaint, plaintiff alleges that in August of 2007, officials at California State Prison, Sacramento commenced proceedings against plaintiff to have him validated as a member of the "Mexican Mafia" prison gang.  Plaintiff was eventually found to be a member of the "Mexican Mafia" and ordered to serve an indefinite term in the "SHU."  Plaintiff was released from the "SHU" on January 16, 2013.

In Wilkinson v. Austin, 545 U.S. 209 (2005), the Supreme Court found that under the Due Process Clause of the Fourteenth Amendment, inmates are entitled to certain process before being ordered to serve an indefinite term in conditions which essentially amount to solitary confinement.  That process includes:  1) advance notice of the basis for consideration of placement in solitary confinement; 2) a fair opportunity for rebuttal; and 3) a short statement of reasons for placement in solitary confinement.  Id. at 225-26.

Plaintiff alleges that as the "Institutional Gang Investigator," it was defendant's responsibility to allow plaintiff to rebut the evidence that plaintiff was a member of the "Mexican Mafia," but that defendant did not interview plaintiff before validating him as a member of the "Mexican Mafia."

Defendant argues that plaintiff has already litigated circumstances related to his having been validated as a member of the "Mexican Mafia" and his placement in the SHU in 2007. Defendant points to a petition for writ of habeas corpus filed by plaintiff in the Superior Court of Sacramento County on February 20, 2009.  ECF No. 52-1, 52-2 & 52-3.[2]  In the petition, plaintiff challenged his being validated as gang member and specifically alleged that his right to due

---

[2] The court takes judicial notice of the contents of the petition under Federal Rule of Civil Procedure 201(b).  In any case, plaintiff does not challenge the authenticity of defendant's exhibit 1.

2

process was violated because plaintiff was not interviewed by defendant "prior to delivering plaintiff's validation packet to the office of correctional safety." ECF No. 52-1 at 10. Plaintiff provided these facts in support of his claim:

1. On August 12, 2007, defendant gave plaintiff a "validation package." Id. at 37.[3]

2. On August 14, 2007, defendant requested that plaintiff be interviewed by defendant with respect to the charges of gang membership. In response to the request for an interview, plaintiff requested more information. ECF No. 52-1 at 39 & 82.

3. August 24, 2007, plaintiff received a completed "128-B" form from defendant. In the "128-B," defendant claimed that plaintiff had received full disclosure of all evidence suggesting he was a member of the "Mexican Mafia," that defendant interviewed plaintiff, and plaintiff had provided defendant with six pages of rebuttal testimony. Id. at 40.[4]

4. Plaintiff alleges however that he was not interviewed by defendant. ECF No. 52-1 at 82.

Upon receipt of plaintiff's state habeas petition, the Superior Court of Sacramento County ordered respondent to file a response. ECF No. 52-4 at 2.[5] Respondent, the Warden of California State Prison, Sacramento, complied with the court's order. ECF No. 52-6 at 44.[6] At some point, plaintiff was appointed counsel, and counsel filed a traverse. ECF No. 52-6 at 88.[7] After reviewing the petition, response and traverse, the court found as follows with respect to plaintiff's

/////

---

[3] The package itself may be found at ECF No. 52-2, p. 5.

[4] The completed "128-B" may be found at ECF No. 52-3 p. 21.

[5] The court takes judicial notice of the contents of the decision of the Superior Court of Sacramento County under Federal Rule of Civil Procedure 201(b). In any case, plaintiff does not challenge the authenticity of defendant's exhibit 2.

[6] The court takes judicial notice of the contents of the Warden's response under Federal Rule of Civil Procedure 201(b). In any case, plaintiff does not challenge the authenticity of this document.

[7] The court takes judicial notice of the contents of the traverse under Federal Rule of Civil Procedure 201(b). In any case, plaintiff does not challenge the authenticity of this document.

claim that he had been denied an interview before his validation package was sent to the Office of Correctional Safety:

> [P]etitioner was, in fact, provided with the opportunity to be interviewed. That he chose to attempt to unnecessarily delay the [gang validation] proceedings by trying to obtain information that he was not entitled to or that was irrelevant does not translate into a denial of his right to be heard. To find otherwise would allow inmates to manipulate the system in an attempt to derail validation proceedings and frustrate the efforts of correctional officials who are trying to maintain the safety and security of the institution.

Id. at 8-10.

The Ninth Circuit's decision in Silverton v. Department of Treasury, 644 F.2d 1341 (9th Cir. 1981) is directly on point with respect to the issue of collateral estoppel (issue preclusion). In that case, plaintiff sought reversal of criminal convictions in California habeas actions. His petitions for writ of habeas corpus were denied. Later, plaintiff filed an action in the U.S. District Court under 42 U.S.C. § 1983 seeking to have his disbarment set aside by again arguing, among other things, that his criminal convictions were not valid. Id. at 1343-44. The claims presented in the district court action were brought in the state habeas action. Id. at 1346.

The Ninth Circuit ultimately found that plaintiff was precluded from presenting his claims in the district court because he had a "full and fair hearing" concerning his claims in the state habeas action:

> There is no reason to conclude that a decision by a state habeas court, after a full and fair hearing, should be considered to have any less weight or credibility than a state court decision in a direct action. If issues are presented to a habeas court, it can be assumed to apply the appropriate constitutional standards and reach a decision just as would be done on direct review. . .
>
> In sum, we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.

Id. 1346-47. Further, the Court was not concerned with the fact that plaintiff sought release from custody in his habeas actions and expungement in his district court action:

/////

4

> [T]he posture of the identical constitutional infringement issues in each is the same. The mere difference in the form of relief is unimportant.

Id. at 1347.[8]

In his opposition, plaintiff asserts, among other things, that collateral estoppel should not bar his claim in this action because he was denied discovery and an evidentiary hearing in his state habeas action. However, he fails to point to any law indicating that a lack of discovery and / or an evidentiary hearing renders a state habeas action unfair or incomplete as a matter of law. Further, he fails to point to anything suggesting that the superior court's decision not to hold an evidentiary hearing or permit discovery rendered his state court proceedings unfair or somehow incomplete, or that there was any good reason to permit discovery or hold an evidentiary hearing. The court considered plaintiff's lengthy habeas petition, his numerous exhibits, ordered respondent to file a response and appointed plaintiff counsel. Nothing suggests that the superior court needed to take any further action to ensure a full and fair hearing.

Plaintiff also asserts he "was denied review in the state appellate court and state supreme court." However, after his claim was rejected by the Superior Court of Sacramento County, he submitted his claim to the California Court of Appeal (ECF No. 52-8 at 8) and the claim was denied (ECF No. 52-8 at 2).[9] Whether he was denied review by the California Supreme Court is of no consequence since review in that court is always discretionary, as is United States Supreme Court review in a federal action.

For all of the foregoing reasons, plaintiff is barred under the collateral estoppel doctrine as applied by the Ninth Circuit in Silverton from re-litigating his claim regarding defendant's failure

---

[8] In a recent Ninth Circuit decision, Gonzales v. California Dept. of Corrections and Rehab., 739 F.3d 1226 (9th Cir. 2013), the Ninth Circuit recognizes that Silverton stands for the proposition that a decision actually rendered in a California habeas action precludes an identical issue from being re-litigated in a subsequent § 1983 action if the habeas court afforded a full and fair opportunity for the issue to be heard.

[9] The court takes judicial notice of the contents of the petition filed by plaintiff in the California Court of Appeal and the decision denying the petition under Federal Rule of Civil Procedure 201(b). In any case, plaintiff does not challenge the authenticity of these documents.

5

1  to interview him prior to plaintiff being validated as a member of a prison gang. Accordingly,
2  defendant should be dismissed from this action, and this case should be closed.
3      Accordingly, IT IS HEREBY RECOMMENDED that:
4      1. Defendant Parker's motion to dismiss (ECF No. 51) be granted;
5      2. Defendant Parker be dismissed from this action; and
6      3. This case be closed.
7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
9  after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
12 objections shall be served and filed within fourteen days after service of the objections. The
13 parties are advised that failure to file objections within the specified time may waive the right to
14 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15 Dated: October 27, 2015

_[signature: Carolyn K. Delaney]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
sanc2029.57